Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
Bryan A. Lindsey, Esq.
Nevada Bar No. 10662
Schwartz Flansburg PLLC
6623 Las Vegas Blvd. South, Suite 300
Las Vegas, Nevada 89119
Telephone: (702) 385-5544
Facsimile: (702) 385-2741
Attorneys for the Debtor

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | ) Case No.:  16-16771-GS |
| | ) |
| Nutrition Rush, LLC | ) Chapter 11 |
| | ) |
| Debtor. | ) Hearing Date: OST Pending |
| _____ | ) Hearing Time: OST Pending |

### MOTION FOR ENTRY OF AN ORDER UNDER 11 U.S.C. §§ 105, 363, 365, 506 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 6004 APPROVING THE SALE OF DEBTOR'S INVENTORY LOCATED IN DEBTOR'S RETAIL STORES AND ASSIGNMENT AND ASSUMPTION OF CERTAIN UNEXPIRED RETAIL STORE LEASES

The above captioned debtor and debtor-in-possession (the "**Debtor**"), hereby moves this Court for entry of an order under 11 U.S.C. §§ 105, 363, 365 and 506 and Federal Rule of Bankruptcy Procedure 6004 approving the sale of the Debtor's inventory located in retail stores and approving the assignment and assumption of certain unexpired retail store leases (the "**Motion**").  In support of the Motion, the Debtor respectfully states as follows:

### JURISDICTION

1.    This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2).  Venue of this Chapter 11 case in this district is proper under 28 U.S.C. §§ 1408 and 1409.

1

2.     The statutory bases for the relief requested herein are sections 105, 363, 365 and 506 of title 11 of the United States Code (as amended, the "**Bankruptcy Code**").

### BACKGROUND

3.     The Debtor filed a voluntary petition in this Court on December 22, 2016 (the "**Petition Date**"), for reorganization relief under Chapter 11 of the Bankruptcy Code.

4.     The Debtor is a health supplement retailer, operating in Nevada, Arizona, and California.

5.     The Debtor owns and maintains various health supplements, vitamin packs, and nutrition powders (the "**Inventory**") located in their retail stores.

6.     The Debtor has several lease agreements for their retail stores in which the Debtor is either a lessee, sublessee, or a sub-tenant of commercial property leases.

7.     On January 5, 2017, the Debtor filed a motion for the entry of an order authorizing the Debtor to assume certain leases ("**Motion to Assume and Reject Certain Leases**") (see Docket No. 31) including lease agreements (collectively, the "**Leases**") for the following locations (collectively, the "**Stores**"):

    a.  4050 Airport Center Dr. Palm Springs, CA 92264 (the "**Palm Springs Store**");

    b.  77920 Country Club Dr., Palm Desert, CA 92211 (the "**Palm Desert Store**");

    c.  9705 S. Eastern Ave., Las Vegas, NV 89123 (the "**Eastern Store**");

    d.  2655 S. Maryland Parkway, Las Vegas, NV 89109 (the "**Maryland Store**");

    e.  1725 N. Rainbow Blvd., Las Vegas, NV 89108 (the "**Rainbow Store**"); and

    f.  6050 N. Decatur Blvd., Las Vegas, NV 89031 (the "**Decatur Store**").

8.    By order dated March 8, 2017, the Court authorized the Debtor to assume the aforementioned Leases, among others. See Docket No. 83.

9.    On August 28, 2017, the Debtor and Mike's Muscle, Inc. (the "**Buyer**") entered into a purchase agreement (the "**Purchase Agreement**"), a copy of which is attached hereto as **Exhibit A**,[1] to: (i) purchase the Debtor's inventory (the "**Inventory**") located at each Store; and (ii) assume the Leases for all Stores save the Decatur Store.

10.    Specifically, the Buyer will pay the Debtor a total of $27,836.75 for the Inventory and assignment of the Leases, detailed as follows:

      a.    Palm Springs Store.  $6,478.65 for the Inventory and assignment of the Lease at the Palm Springs Store.

      b.    Palm Desert Store.  $5,876.65 for the Inventory and assignment of the Lease at the Palm Desert Store.

      c.    Eastern Store.  $6,236.45 for the Inventory and assignment of the Lease at the Eastern Store.

      d.    Maryland Store.  $3,840.00 for the Inventory and assignment of the Lease at the Maryland Store.

      e.    Rainbow Store.  $1,140.00 for the Inventory and assignment of the Lease at the Rainbow Store.

      f.    Decatur Store.  $4,265.00 for the Inventory only at the Decatur Store.

11.    The six (6) Stores listed above are the only stores in which the Debtor is still operating.  Upon the sale of the Inventory and assignment of the Leases to the Buyer, the Debtor will no longer operate its business at the Stores.

---

1    The attached signed agreement inadvertently shows an incorrect total purchase price of $29,876.75. The Debtors intend to amend upon the Court's approval of this Motion, which reflects the correct purchase price of $27,836.75.

4817-0444-2445, v. 1

**RELIEF REQUESTED**

12.      By this Motion, the Debtor seeks an order authorizing the sale of the Inventory and assignment of the Leases (except for the Lease for the Decatur Store), for a total minimum sale price of $27,836.75, free and clear of all liens, claims, encumbrances, and interests and exempt from any stamp, transfer, recording or similar tax.  The Debtor also requests that the sale be subject to higher and better offers, in the event an interested party is willing to exceed the current sale price for the Inventory and Leases.

13.      As set forth in Section 1(c) of the Purchase Agreement, specifically excluded from the sale of the Inventory and assignment of the Leases are any and all causes of action, including but not limited to any avoidance actions under Chapter 5 of the Bankruptcy Code or similar state or federal avoidance actions against all third parties, and all causes of action against insiders or other related parties possess by the bankruptcy estate of the Debtor.

14.      Furthermore, the Debtor seeks an order authorizing the assignment of the Leases from the Debtor to the Buyer, or its designee.

15.      The Debtor further requests that the Buyer be designated as a good faith purchaser, and that the Court waive the fourteen-day stay period pursuant to Bankruptcy Rule 6004(h).

**BASIS FOR RELIEF**

**A.      Request for Approval of Sale Pursuant to 11 U.S.C. § 363(b).**

16.      The Debtor may sell their Inventory currently located in multiple retail stores maintained by the Debtor.  Under section 363(b) of the Bankruptcy Code, the debtor in possession "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. 363(b).  Courts in this jurisdiction state that

4817-0444-2445, v. 1

section 363(b) "allows the debtor in possession to sell, other than in the ordinary course of business, 'property of the estate.'" See In re Hurt, 9 Fed.Appx. 780 (9th Cir. 2001). Here, the Inventory for Sale is property of Debtor's estate, and therefore may be sold pursuant to section 363(b).

17.    Courts in this jurisdiction stated that section 363(b) "allows the debtor in possession to sell, other than in the ordinary course of business, 'property of the estate.'" See In re Hurt, 9 Fed.Appx. 780 (9th Cir. 2001). Courts required that such use, sale or lease be based upon the debtor's sound business judgment. In re Ernst Home Ctr., Inc., 209 B.R. 974, 980 (Bankr. W.D. Wash. 1997); Matter of Plaza Family Partnership, 95 B.R. 166, 173 (E.D. Cal. 1989). "The business judgment rule 'is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action was in the best interests of the company.'" In re Integrated Resources, Inc., 147 B.R. 650, 656 (Bankr. S.D.N.Y. 1992).

18.    The Debtor's decision to sell the Inventory to the Buyer is supported by the Debtor's sound business judgment and will benefit the Debtor's estate. Given the fact the Debtor no longer believes its current business operations and revenue stream will allow it to proposed and fund a viable Chapter 11 plan, the Debtor is believes selling the Inventory and related assumption and assignment of the Leases to the Buyer offers the most economical and expedited solution in the pursuit of maximizing recoveries for the benefit of creditors and administrative claimants.

**B.    Request for Approval of Sale Fee and Clear of All Liens and Encumbrances.**

19.    The Debtor requests that the Court approve the sale of the Inventory free and clear of all liens, claims, encumbrances and interests which may be asserted against the

4817-0444-2445, v. 1

Inventory (collectively, the "**Encumbrances**"), with all such Encumbrances attaching only to the proceeds of the sale of the Inventory.

**C.    Request for Approval of Assumption and Assignment of Leases.**

20.    As previously noted, in connection with the sale of the Inventory, the Debtor seeks assignment of five (5) executory contracts and unexpired leases. Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a).

21.    Courts apply a business judgment standard in determining whether to approve assumption or assignment. See G.I. Indus., 204 F3d 1276 (9th Cir. 2000); In re Klein Sleep Prods., 78 F.3d 18 (2nd Cir. 1996); Richmond Leasing Co. v. Capital Bank, N.A., 762 F.2d 1303, 12 C.B.C.2D 1202 (5th Cir. 1985). The business judgment standard states that in deciding whether to approve an assumption of an executory contract or unexpired lease, the Court should presume that the debtor acted prudently, on an informed basis, in good faith, and with an honest belief that the proposed course of action is in the best interest of the bankruptcy estate. See In re Yellowstone Mountain Club, LLC, Nos. 08-61570-11, 2010 WL 5071354, at *2 (D. Mont. Dec. 7, 2010), aff'd, F. App'x. 720 (9th Cir. 2012).

22.    In connection with the sale of Inventory, the Debtor will assign only those Leases that the Buyer has indicated it desires to assume, as indicated above and in the Purchase Agreement. The Debtor intends the assignment of the Leases to become effective only upon the approval and closing of the sale of Inventory.

23.    In addition, section 363(k) of the Bankruptcy Code states that a debtor's assignment of a contract or lease relieves the trustee and the estate from any liability for any breach of such contract or lease occurring after such assignment. 11 U.S.C. § 363(k). Thus,

6

following assignment of the Leases to the Buyer, the Debtor will be relieved of any and all liability for such Leases. As a result, the assignment of the Leases will be a valid exercise of Debtor's sound business judgment and the Court should approve the proposed assumption and assignment of the Leases.

**D.    Good Faith Purchaser Designation.**

24.    Under section 363(m) of the Bankruptcy Code, "[t]he reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal." 11 U.S.C. § 363(m).  Here, the Inventory and Leases are being sold to the Buyer, subject to higher and better offers, after substantial negotiations among the parties, which supports a finding that the sale itself was conducted in good faith, and the ultimate buyer should be afforded Section 363(m) protection.

**E.    Request for Surcharge.**

25.    The Debtor is aware that its assets are subject to secured liens of the Internal Revenue Service (the "**IRS**") and the Nevada Department of Taxation (the "**Department**"). Importantly, however, the Debtor requests that its counsel, Schwartz Flansburg PLLC, be allowed to surcharge $10,000.00 of the proceeds, with the remaining $17,836.75 to be split between the IRS and Department, however the parties may agree.

26.    Section 506(c) of the Bankruptcy Code allows a debtor in possession to surcharge a secured creditor for expenses incurred in preserving, protecting, enhancing the value of, or disposing of the secured creditor's collateral.  See 11 U.S.C. § 506(c).  To recover

4817-0444-2445, v. 1

under section 506(c) of the Bankruptcy Code, the debtor in possession must make payments on account of reasonable and necessary expenses primarily to protect, preserve, enhance the value of, or dispose of collateral, which payments provide a "direct and quantifiable benefit" to the secured creditor.  See In re Compton Impressions, Ltd., 217 F.3d 1256, 1262 (9th Cir. 2000) (allowing the debtor to surcharge the secured creditor for legal fees to the extent that the debtor's counsel assisted in the sale of the collateral property); In re Orfa Corp. of Philadelphia, 149 B.R. 790 (Bankr. E.D. Pa. 1993), vacated on other grounds, 1994 WL 163666 (E.D. Pa. April 26, 1994) (allowing the trustee to surcharge the secured creditor for its services to the degree that its services protected the value of the secured creditor's collateral); In re Cann & Saul Steel Co., 86 B.R. 413 (Bankr. E.D. Pa. 1988) (allowing professional fees that benefited the secured creditor to be surcharged against its collateral).

27.     Here, SF's fees in this case from June 2017 to present, SF currently has approved fees and costs through May 31, 2017, in the amount of $118,172.17 (see Docket No. 166), for which only $15,170.96 has been paid.

28.     Notwithstanding the lack of payment of SF's fees, SF had several exchanges and negotiated with the Buyer on the Debtor's behalf, drafted the Purchase Agreement, drafted the instant motion, and will prosecute the motion and oversee the sale through closing.

29.     Indeed, SF submits that it has provided a direct and quantifiable benefit to the Debtor's estate by providing all services with respect to the Debtor's Chapter 11 case and the proposed sale of Inventory and assignment of the Leases, including the marketing of and the facilitation of the aforementioned transactions. Indeed, through SF's efforts, the Debtor was able to locate and agree upon a sale price with the Buyer.

4817-0444-2445, v. 1

30.     Accordingly, the Debtor and SF respectfully requests that SF receive $10,000.00 from the sale proceeds for payment of its allowed administrative claim, with the remaining proceeds to be split between the IRS and the Department, however the parties may agree.

**F.     Request for Waiver of 14-day Stay.**

31.     Pursuant to Bankruptcy Rule 6004(h), unless the court orders otherwise, all orders authorizing the sale of property pursuant to section 363 of the Bankruptcy Code are automatically stayed for 14 days after entry of the order.  See Fed. R. Bankr. P. 6004(h).  The purpose of Bankruptcy Rule 6004(h) is to provide sufficient time for an objecting party to request a stay pending appeal before the order can be implemented. See Advisory Committee Notes to Bankruptcy Rule 6004(g).

32.     As set forth above, the sale of Inventory and assignment of the Leases is critical to enable the Debtor to sell its remaining assets to the highest and best bidder, and allow for some recoveries to its creditors and administrative claimants.  Simply put, the Debtor's business is not doing well, and requiring the Debtor to wait an additional 2 weeks after any approval of the sale may cause the Debtor to lose its Leases for the Stores, thus harming the sale to Buyer and the value of the assets being sold to the Buyer under the Purchase Agreement.

33.     Absent the above-referenced sale which is contemplated herein, the Debtor's estate will be irreparably harmed. The Debtor therefore requests that the Court waive the fourteen-day stay period under Bankruptcy Rule 6004(h), to the extent it applies.

**G.     No Prior Relief Requested**

34.     No prior Motion for the relief requested has been made to this or any other Court.

9

## NOTICE

35.    The Debtor provided notice of the Motion to 20 largest creditors, the United States Trustee, the landlords for the Leases, and the Buyer.

WHEREFORE, the Debtor respectfully requests that the Court enter an order, in the form attached here to as **Exhibit B:** (a) authorizing the Debtor to sell the Inventory free and clear of all liens and encumbrances; (b) finding the Buyer as a good faith purchaser; (c) authorizing the Debtor to assign the Leases to the Buyer; and (d) granting such other relief as the Court deems just and proper.

Dated this 28th day of August, 2017.

/s/Samuel A. Schwartz
Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
Bryan A. Lindsey, Esq.
Nevada Bar No. 10662
Schwartz Flansburg PLLC
6623 Las Vegas Blvd. South, Suite 300
Las Vegas, Nevada 89119
Telephone: (702) 385-5544
Facsimile: (702) 385-2741
Attorneys for Debtor

4817-0444-2445, v. 1

**CERTIFICATE OF SERVICE**

I HEREBY certify that a true and correct copy of the foregoing was sent electronically via the Court's CM/ECF system on August 28, 2017, to the following:

RICHARD F. HOLLEY on behalf of Creditor LVC ACQUISITION CORP.
rholley@nevadafirm.com,
obrown@nevadafirm.com;apestonit@nevadafirm.com;oswibies@nevadafirm.com;agandara@nevadafirm.com

RICHARD F. HOLLEY on behalf of Creditor NORTH, LLC
rholley@nevadafirm.com,
obrown@nevadafirm.com;apestonit@nevadafirm.com;oswibies@nevadafirm.com;agandara@nevadafirm.com

RICHARD F. HOLLEY on behalf of Creditor RAINBOW-LAKEMEAD, LLC
rholley@nevadafirm.com,
obrown@nevadafirm.com;apestonit@nevadafirm.com;oswibies@nevadafirm.com;agandara@nevadafirm.com

U.S. TRUSTEE - LV - 11
USTPRegion17.lv.ecf@usdoj.gov

ROBERT E WERBICKY on behalf of Creditor STATE OF NEVADA, EX REL ITS DEPT. OF TAXATION
RWerbicky@ag.nv.gov, dwright2@ag.nv.gov;mmillam@ag.nv.gov

MARK E. WOOLF on behalf of Creditor INTERNAL REVENUE SERVICE
Mark.Woolf@usdoj.gov,
Jenni.Vosburgh@usdoj.gov;sue.knight@usdoj.gov;darlene.ruckard@usdoj.gov;caseview.ecf@usdoj.gov;tina.abrante@usdoj.gov

I hereby certify that a true and correct copy of the foregoing was sent via U.S. Regular Mail on August 25, 2017, to the following:

United States Trustee
300 Las Vegas Blvd. South #4300
Las Vegas, NV 89101

Clark County Assessor
c/o Bankruptcy Clerk
500 S Grand Central Pkwy
Box 551401
Las Vegas, NV 89155-1401

11

4817-0444-2445, v. 1

Clark County Treasurer
c/o Bankruptcy Clerk
500 S Grand Central Parkway
PO Box 551220
Las Vegas, NV 89155-1220

Dept of Employment, Training and Rehab
Employment Security Division
500 East Third Street
Carson City, NV 89713

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Nevada Dept of Taxation, BK Section
555 E. Washington Ave. #1300
Las Vegas, NV 89101

State of Nevada Dept. of Motor Vehicles
Attn: Legal Division
555 Wright Way
Carson City, NV 89711
4070 Airport Center, LLC
41865 Boardwalk Ste 106
Palm Desert, CA 92211

American Pacific Capital Trop
Decatur Company, LLC
c/o Great American Capital
8350 West Sahara Avenue, Suite 210
Las Vegas, NV 89117

Arizona Attorney General Mark Brnovick
Office of the Attorney General
Phoenix Office
1275 West Washington Street
Phoenix, AZ 85007-2926

AZ Dept of Economic Security
PO Box 6028
Phoenix, AZ 85005-6028

AZ Dept of Revenue
Attn: Education and Compliance
1600 West Monroe Street
Phoenix, AZ 85007

Brian Kuveke
1051 Olsen #711
Henderson, NV 89011

C & C Roofing
Attn: Chuck Grape
1605 Palm Street
Henderson, NV 89011

CA Dept of Industrial Relations
Labor Law Enforcement
1550 West Main Street
El Centro, CA 92243-2105

CA Dept of Unemployment
658 San Brier Drive, Suite 300
San Bernardino, CA 92408

CA Div of Labor Standards Enforcement
7575 Metropolitan Dr., Suite 210
San Diego, CA 92108-4424

CA Employment Dev Dept
State of California
Bankruptcy Unit - MIC 92E
P.O. 826880
Sacramento, CA 94280

California Franchise Tax Board
Bankruptcy Section, MS A340
PO Box 2952
Sacramento, CA 95812-2952

California State Board of Equalization
P.O. Box 942879
Sacramento, CA 94279

Canyon Plastics
28455 Livingston Ave.
Valencia, CA 91355

12

Capstone Brokerage, Inc.
8681 W. Sahara Ave., Suite 100
Las Vegas, NV 89117

Centra Pecos Legacy, LLC
c/o Alan C. Sklar, Registered Agent
410 S. Rampart Blvd. Ste 350
Las Vegas, NV 89145

Century Link
PO Box 4300
Carol Stream, IL 60197-4300

Centurylink Communications, LLC
c/o The Corp. Trust Co. of NV
Resident Agent
701 S. Carson St Ste 200
Carson City, NV 89701

Craig T. and Karen K. Bauske
941 Pyrite Avenue
Henderson, NV 89011

CTD Sports, LLC
c/o Jay J. Schuttert, Esq.
Snell & Wilmer, LLP
3883 Howard Hughes Pkwy., Suite 1100
Las Vegas, NV 89169

Desert Country Plaza, LLC
68936 Adelina Road
Cathedral City, CA 92234

DKN Holdings, LLC
c/o WestMar Property Management
41623 Margarita Road, Suite 100
Temecula, CA 92591

DNA Industries, Inc.
7927 Orion Avenue
Van Nuys, CA 91406

DNA Sports Nutrition
Attn: Anne R. Grupp, Esq.
1418 Carne Road, Suite 200
Ojai, CA 93023

Downtown Wholesalers
5899 S Downey Rd.
Los Angeles, CA 90058

Durham Jones & Pinegar
10785 West Twain Avenue
Suite 200
Las Vegas, NV 89135
E&P Retail, LLC
c/o DSA Development
8965 S. Eastern Avenue, Suite 360
Las Vegas, NV 89123

Estate of Christopher Rosales and
Bryttny Raene Henson
c/o Jerome R. Bowen, Esq.
9960 W. Cheyenne Ave., Suite 250
Las Vegas, NV 89129

Europa Sports Product, Inc.
11401 Granite Street, Suite H
Charlotte, NC 28273

First Place Nutrition #1, LLC
9691 Trailwood Dr., Ste. 109
Las Vegas, NV 89134

FirstComp
PO Box 3009
Omaha, NE 68103-0009

Focus Receivables Management, LLC
1130 Northchase Pkwy Ste 150
Marietta, GA 30067

GWI
14821 Northam Street
La Mirada, CA 90638

HI Tech Pharmaceuticals
1615-B Unity Dr.
Norcross, GA 30071

International Property Syndications Ltd
RE: Shops at Grand Canyon 14
9440 W. Sahara Blvd., Suite 240
Las Vegas, NV 89117

Iron Mag Labs
1860 Whitney Mesa Dr Ste 120
Henderson, NV 89014-2095

Island Oasis
141A Norfolk St
Walpole, MA 02081

JMS Associates for Lonestar Distribution
1489 W. Palmetto Park Road #480
Boca Raton, FL 33486

Las Vegas Athletic Clubs
2655 South Maryland Parkway, Suite 201
Las Vegas, NV 89109

Laura Kuveke
1051 Olsen #711
Henderson, NV 89011

LMP, LLC
c/o John M. Netzorg, Esq.
2810 W. Charleston Blvd., Suite H-81
Las Vegas, NV 89102

Lori J. Smith LLC
c/o Lori Smith
3155 East Patrick Lane, Ste 1
Las Vegas, NV 89120

M&I Asset Management Company
c/o Tony L. Abbatangelo, Esq.
Colquitt & Abbatangelo, Ltd.
321 S. Casino Center Blvd., #112
Las Vegas, NV 89101

M&I Asset Management Company
c/o William P. Miguel
4025 Baldwin Avenue
321 S. Casino Center Blvd., #112
El Monte, CA 91731

M&I Asset Management Company
c/o Signa Realty Group
601 S. Rancho Dr., Ste. A-5
Las Vegas, NV 89106

Markel Corporation
PO Box 3009
Omaha, NE 68103

Mer-Car Corporation
c/o Gatski Commercial Real Estate Svcs.
4755 Dean Martin Drive
Las Vegas, NV 89103

Muscle Foods USA
100 Keystone Industrial Park Road
Unit 1B
Scranton, PA 18512

North, LLC
2655 South Maryland Pkwy, Suite 201
Las Vegas, NV 89109-1666

Nutrition 53
Acct No x9158
3706 Mt. Diablo Blvd. #300
Lafayette, CA 94549

Omega RMS, LLC
PO Box 801688
Kansas City, MO 64180-1688

Perfect Nutrition, Inc.
16201 Lindbergh Street
Van Nuys, CA 91406

Print Partners
1022 Eulalia Road
Atlanta, GA 30319

Procore
PO Box 425
Layton, UT 84041

14

4817-0444-2445, v. 1

Rainbow Lake Mead, LLC
Attn: Chad O. Smith
2655 South Maryland Parkway, Suite 201
Las Vegas, NV 89109-1666
Randolph Law Firm
6260 N. Durango Dr.
Las Vegas, NV 89149

Sahara-Edmond Plaza, LLC
Attn: John Weisler
PO Box 60752
Boulder City, NV 89006

Schiek Sports Inc
2010 S. Oakwood Rd
Oshkosh, WI 54903

Shops at Grand Canyon 14
Syndications Group, LLC
9440 W. Sahara Ave., Suite 240
Las Vegas, NV 89117

Sierra Town Center III, LLC
c/o David A. Carroll, Esq.
Rice Reuther Sullivan & Carroll, LLP
3800 Howard Hughes Parkway, Suite 1200
Las Vegas, NV 89169

Social Security Administration
Office of the Regional Chief Counsel
Region IX
160 Spear Street, Suite 800
San Francisco, CA 94105-1545

Southern Nevada Health District
PO Box 3902
Las Vegas, NV 89127

Southern Nevada Health District
Main Facility
280 S. Decatur Blvd.
Las Vegas, NV 89107

Spring Valley Food Operations Office
Attn: Candice Sims
Senior Environmental Health Specialist
280 S. Decatur Blvd.
Las Vegas, NV 89107

State of California
Employment Development Dept
PO Box 826880 MIC 4
Sacramento, CA 94280-0001

State of California
Office of the Attorney General
P.O. Box 70550
Oakland, CA 94612-0550

State of California
Office of the Attorney General
P.O. Box 944255
Sacramento, CA 94244-2550

State of California
Office of the Attorney General
P.O. Box 85266-5299
San Diego, CA 92186-5266

State of California Employment
Development Dept.
Bankruptcy Group MIC 92E
P.O. Box 826880
Sacramento, CA 94280-0001

Sterns Bank, N.A. Equip. Finance Div.
500 13th Street
P.O. Box 750
Albany, MN 56307

Toan N. Nguyen
7276 Bluemist Mountain Court
Las Vegas, NV 89113

Trailwood Center, LLC
3224 Club Drive
Los Angeles, CA 90064

15

Tropics Desert Distributors
41625 Eclectic Street Suite J2
Palm Desert, CA 92260

United States Attorney's Office
Attn: Civil Process Clerk
333 Las Vegas Blvd., South, Suite 5000
Las Vegas, NV 89101

US Attorney General
United States Dept. of Justice
Ben Franklin Station
P.O. Box 683
Washington, DC 20044

US Attorney's Office
Southern District of California
880 Front Street, Suite 6293
San Diego, CA 92101

US Department of the Treasury
1500 Pennsylvania Avenue, NW
Washington, DC 20220

US Dept of Labor, Wage and Hour Division
Western Regional Office
90 7th Street, Suite 13100
San Francisco, CA 94103-6710

US EPA Regional 9 Bankruptcy Contact
Lewis Maldonado
Office of Regional Counsel, ORC-3
75 Hawthorne Street
San Francisco, CA 94105

US Securities and Exchange Commission
Attn: Bankruptcy Counsel
444 South Flower Street, Suite 900
Los Angeles, CA 90071-9591

US Small Business Administration
Southern California Legal Unit
330 North Brand Blvd., Suite 1200
Glendale, CA 91203-2304

Vegas Stephanie, LLC
c/o Anthony R. Ager, Esq.
Durham Jones & Pinegar, P.C.
10785 W. Twain Ave., Suite 200
Las Vegas, NV 89135
Vegas Stephanie, LLC
c/o Tavaco Properties
9229 West Sunset Blvd., Suite 310
West Hollywood, CA 90069

Viva Vitamins
25908 McBean Pkwy
Valencia, CA 91355

Vivint
7505 NW Tiffany Springs Pkwy #500
Kansas City, MO 64153

/s/Lori Kennedy
Lori Kennedy, an employee of Schwartz Flansburg PLLC

16